IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01289 |
| | ) | |
| MICHAEL KESTNER, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for an Order that Its Pending False Claims Act Civil Action is Legally Excepted from the Automatic Stay in Bankruptcy. (Doc. No. 66). Defendants filed a Response in Opposition (Doc. No. 71), and Plaintiff filed a Reply. (Doc. No. 72). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this action, Plaintiff has sued Defendants, Michael Kestner and Lisabeth Smolenski Williams, individually, PainMD, LLC, MedManagement, Inc. ("MMI"), Mid-South Pain Management, P.C., Cumberland Back Pain Clinic, P.C., Lebanon Back Pain Clinic, P.C., Blue Mountain Medical Group, P.C., Natural Bridge Medical Group, P.C., and Rock Island Medical Group, P.C., alleging violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.* and common law claims of payment by mistake and unjust enrichment. (Doc. No. 1).

The Complaint alleges, *inter alia*, that Defendants performed a high number of medically unnecessary injections into patients' back muscles and then billed Medicare and TRICARE for the injections as if they were tendon origin insertions for the purpose of receiving higher reimbursements. Plaintiff claims Defendants violated the False Claims Act by submitting false or

fraudulent claims for payment to Medicare and TRICARE for single tendon origin injections that were not actually provided, and by making false statements to Medicare and TRICARE in the form of miscoded injections and false statements in the supporting medical documentation for the injections.

This case was stayed by a sealed Order entered on May 17, 2019. (Doc. No. 61). On June 14, 2019, Defendant Pain MD filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee, case number 3:19-bk-03841. (*See Suggestion of Bankruptcy*, Doc. No. 65). On June 20, 2019, Plaintiff filed the present motion seeking an order that the instant civil action against Pain MD and the nine non-debtor Defendants is excepted from the automatic stay in bankruptcy pursuant to 11 U.S.C. § 362(b)(4) as an exercise of the United States' police or regulatory powers. (Doc. No. 66; Doc. No. 67 at 2).

## II. ANALYSIS

"[W]hen a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings." *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001). Normally, "the filing of a bankruptcy petition operates to stay, among other things, the continuation of a judicial proceeding against the debtor that was commenced before the petition." *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012). Section 362(b)(4) of the Bankruptcy Code provides an exception to the automatic stay for actions by a governmental unit to enforce its police or regulatory power. 11 U.S.C. § 362(b)(4).

The present civil enforcement action is brought under the False Claims Act, 31 U.S.C. §3729-33, and common law. Plaintiff contends that 11 U.S.C. § 362(b)(4) excepts the present action

2

from the operation of the bankruptcy stay; Defendants argue this action is not excepted from the stay because it is not an exercise of the United States' police and regulatory powers. Section 362(b)(4) excepts from the stay such actions against the debtor that are brought by a governmental unit "to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4).

To determine whether an action qualifies as a proceeding pursuant to a governmental unit's police or regulatory power, and therefore falls outside the ambit of the automatic stay, courts in the Sixth Circuit apply two tests: the pecuniary purpose test and the public policy test. *See Chao*, 270 F.3d at 385. The pecuniary purpose test focuses on whether the enforcement action "would result in a pecuniary advantage to the government vis-a-vis other creditors of the bankruptcy estate." *Id*. at 389 n. 9 (citing *United States v. Commonwealth Cos. (In re Commonwealth Cos.)*, 913 F.2d 518, 523–24 (8th Cir.1990)). As for the public policy test, the Sixth Circuit has held:

> …courts should examine the type of enforcement action brought and the relationship between a particular suit and Congress's (or a state's) declared public policy. When an action furthers both public and private interests and the private interests do not significantly outweigh the public benefit from enforcement, courts should defer to the legislature's decision to vest enforcement authority in the executive and recognize such actions as within "such governmental unit's police and regulatory power," as that term is used in § 362(b)(4).

*Chao*, 270 F.3d at 390. "A suit must be undertaken principally to adjudicate private rights, with only an incidental public interest in the litigation, for it to fall outside the police power exception." *Id*. at 391.

Applying the pecuniary purpose test, the Court finds Plaintiff's action would not result in a pecuniary advantage to the government over Pain MD's other creditors because is undisputed Plaintiff is attempting only to obtain the entry of a money judgment, not enforcement. "At this juncture, up to the point that a judgment is entered and the amount of damages is fixed, the government is not conferred any advantage over [Pain MD]'s creditors or any third parties—if the government is successful in obtaining the entry of a judgment, it would merely become an unsecured creditor of [Pain MD], which would not conflict with the bankruptcy court's control of the debtor or the estate." *U.S. ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280, 288 (E.D.N.Y. 2006); *see also In re Commonwealth Cos.*, 913 F.2d at 524 ("The entry of judgment [on the government's False Claims Act complaint] would simply fix the amount of the government's unsecured claim against the debtors. It would not convert the government into a secured creditor, force the payment of a prepetition debt, or otherwise give the government a pecuniary advantage over other creditors of the debtors' estate.").

Defendants argue the present action would result in a pecuniary advantage to the government over Pain MD's other unsecured creditors because the government would hold a non-dischargeable debt. (Doc. No. 71 at 11).[1] Defendants rely upon *In re Bentley*, 266 B.R. 229, 242 (1st Cir. B.A.P. 2001) for the proposition that a "creditor who holds a non-dischargeable debt is clearly in a better position than a creditor holding a dischargeable debt" because they retain the right to collect their debts after bankruptcy. (Doc. No. 71 at 11). While Defendants are correct that

---

[1] Defendants also argue the present action fails the pecuniary purpose test because it is "merely an action for damages." (Doc. No. 71 at 10). This argument fails, as the Sixth Circuit has recognized for over thirty years "that damages for civil liability may be assessed under section 362(b)(4) for violation of state and federal laws." *See In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988) (collecting cases); *see also In re Commonwealth Companies, Inc.*, 913 F.2d 518, 522 (8th Cir. 1990) (noting the legislative history "makes it plain that § 362(b)(4) permits the government to seek the entry of a money judgment as its sole remedy for the violation of a fraud or other police or regulatory law.").

4

a non-dischargeable debt permits the holder to continue to enforce the debt after bankruptcy, "nondischargeability is not, and does not entail, priority as to any distribution in or through bankruptcy." *In re Bentley*, 266 B.R. at 241. Thus, entry of a non-dischargeable judgment would not result in a pecuniary advantage to the government "over other creditors who must stand in the places assigned by the Bankruptcy Code's carefully drawn priority scheme." *See Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 389 n. 9 (6th Cir. 2001).

As for the public policy test, Plaintiff does not seek to adjudicate any private rights through this action. Additionally, the Court finds the present action effectuates public policy by seeking to deter fraudulent billing and the submission of fraudulent payments to Medicare and TRICARE. *See In re Commerce Oil Co.*, 847 F.2d 291, 296 (6th Cir. 1988) ("Punishing wrongdoers, [and] deterring illegal activity…are exercises of the state's regulatory power to effectuate public policy and are not actions based upon the state's property interests."); *see also United States v. Bornstein*, 423 U.S. 303, 309 & n. 5, 311 & n. 6, (1976) (noting that the False Claims Act was adopted for the purpose of punishing and preventing frauds); *U.S. ex rel. Goldstein v. P & M Draperies, Inc.*, 303 B.R. 601, 603 (D. Md. 2004) ("it is well settled that an action under the False Claims Act qualifies as an action to enforce the government's 'police or regulatory power.'"); *U.S. ex rel. Doe v. X, Inc.*, 246 B.R. 817, 818–19 (E.D. Va. 2000) ("The first [question] is whether a False Claims Act suit is a proceeding by a governmental unit to enforce that unit's 'police or regulatory power.' This question is easily and confidently answered in the affirmative, as there is ample authority holding that laws, such as the False Claims Act, that are designed to prevent or stop fraud, or to fix damages for fraud already committed, are police or regulatory laws.…Moreover, the legislative history of § 362(b)(4) explicitly recognized that a fraud law is a police or regulatory law.") (internal citations omitted)).

## III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's present civil enforcement action meets the pecuniary purpose and public policy tests described in *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374 (6th Cir. 2001). As such, the present civil enforcement action falls within the police powers exception specified at 11 U.S.C. § 362(b)(4) and therefore is not stayed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE